# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARNELL YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-806-TCM |
| ) | |
| BETH ORWICK, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Darnell Young (registration no. 339945) for leave to commence this action without payment of the required filing fee. In addition, plaintiff has filed a motion to add St. Louis City Police Department Lab as a defendant to this action [Doc. #5]. For the reasons stated below, the Court will grant plaintiff's motion to proceed in forma pauperis and will assess him an initial partial filing fee of $13.50. *See* 28 U.S.C. § 1915(b)(1). The Court will also grant plaintiff's motion to add the St. Louis City Police Department Lab as a defendant to this action. Furthermore, based upon a review of the complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $67.50, and an average monthly account balance of $4.61. Plaintiff has insufficient funds to pay the entire filing fee.

Accordingly, the Court will assess an initial partial filing fee of $13.50, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Beth Orwick (Prosecuting Attorney), David C. Mason (Judge), Daniel Richard Green (Judge), Kameron Mitchell Lawson (Assistant Attorney General), Mary K. Hoff

3

(Judge), and the St. Louis City Police Department Lab.  Plaintiff's allegations arise out of his underlying state criminal and habeas corpus proceedings.  He claims that he was maliciously prosecuted and that the State of Missouri never proved its case against him, given that DNA was never admitted into evidence.  Plaintiff states that he filed a state habeas corpus action on November 16, 2012, but "the Courts did not make the State answer the claims."  Plaintiff alleges that all of the defendant judges were biased.  In addition to monetary relief, plaintiff asks this Court to overturn his state cases and release him from prison.

## Discussion

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous as to defendants Mason, Green, and Hoff, because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)); *see also Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978).

The complaint is also legally frivolous as to defendants Orwick and Lawson, because a prosecutor is immune from personal liability from actions related to the performance of his or her public duties, including presenting evidence before a grand jury, obtaining criminal complaints and warrants, prosecuting a case, and other

4

actions undertaken as an advocate for the government. *See Burns v. Reed*, 500 U.S. 478, 485–92 (1991); *Imbler v. Pachtman,* 424 U.S. 409, 420–31 (1976). Where "a prosecutor is acting within the scope of his proper prosecutorial capacity, these actions are cloaked with the same immunity granted to judges." *Barnes v. Dorsey*, 480 F.2d 1057, 1060 (8th Cir. 1973); *Wilhelm v. Turner*, 431 F.2d 177, 182-83 (8th Cir. 1981); *cf. Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)(prosecutor absolutely immune from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and in presenting the state's case"); *Myers v. Morris*, 810 F.2d 1437, 1446-48 (8th Cir. 1987)(immunity extends to allegations of malicious prosecution).

The Court will also dismiss this action as to defendant St. Louis City Police Department Lab, because plaintiff has failed to assert any claims against it, and police departments are not suable entities under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *see also De La Garza v. Kandiyohi County Jail*, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999)(§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000).

Regarding plaintiff's request to be released from prison, the Court notes that habeas corpus is the proper mechanism for an inmate to challenge his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).  As such, plaintiff's claims relative to his release would have to be brought as a separate habeas action under 28 U.S.C. § 2254, rather than the instant 42 U.S.C. § 1983 action.

Last, federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions.  *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996).  "Review of state court decisions may be had only in the Supreme Court."  *Id*.  Thus, to the extent that plaintiff is challenging and seeking to overturn Missouri state-court judgments, his remedies, if any, lie not in federal district court, but rather, with the Missouri state courts or the United States Supreme Court.

For these reasons, the instant action will be dismissed, without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $13.50 within thirty (30) days from the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to

include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to add St. Louis City Police Department Lab as a defendant to this action [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of June, 2013.

_____
**UNITED STATES DISTRICT JUDGE**